**BOLTON BROADCASTING LTD., Plaintiff,**

v.

**MEREDITH CORPORATION and MMT Sales, Inc., Defendants.**

**No. 78 Civ. 5851.**

United States District Court, S. D. New York.

July 12, 1979.

---

Kelley, Drye & Warren, New York City, for plaintiff; Eugene T. D'Ablemont, Christopher M. Nolland, New York City, of counsel.

Bell, Wolkowitz, Kalnick, Klee, Green & Beckman, New York City, for defendants; Allen Green, Barry H. Wolkowitz, Kaye, Scholer, Fierman, Hays & Handler, Allen Kezsbom, Randolph S. Sherman, New York City, of counsel.

LASKER, District Judge.

The complaint in this action states meritorious claims for breach of contract, inducement of breach of contract, and tortious interference with contract. The question to be determined on the present motion is whether it also states claims under the federal antitrust laws.

In 1978, defendant Meredith Corporation (Meredith), which owned several television stations in various parts of the country, purchased station WPGH–TV in Pittsburgh. The contract of sale provided that Meredith would assume and perform the obligations of the prior owner under its sales representation agreement with the plaintiff, Bolton Broadcasting, Ltd. (Bolton), which granted Bolton the exclusive right to sell advertising time on WPGH outside the Pittsburgh area. The complaint alleges, however, that Meredith never intended to honor the agreement, and that Meredith, with the connivance of defendant MMT Sales, Inc. (MMT), a competitor of Bolton's which held the exclusive right to sell advertising time on Meredith's other television stations, wilfully breached the sales representation agreement, and granted MMT the exclusive right that Bolton had previously enjoyed.

The defendants move under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the first three counts of the complaint, which allege violations of the federal antitrust laws, for failure to state claims upon which relief can be granted. If the motion is granted, the three pendent state counts of Bolton's complaint must be dismissed, *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), since there is no diversity of citizenship.

The first count of the complaint alleges that the defendants violated section 1 of the Sherman Act, 15 U.S.C. § 1, by conspiring to restrain trade "with respect to the selection of national sales representatives for the sale of national advertising on WPGH–TV and other television stations now owned or to be acquired by Meredith." Complaint ¶ 20. Assuming, for the purposes of this motion, that the relationship between Meredith and MMT amounted to a conspiracy within the meaning of section 1, *but see Fuchs Sugars & Syrups, Inc. v. Amstar Corp.*, 602 F.2d 1025, at 1031 n.5 (2d Cir. 1979), the question is whether the complaint adequately alleges that the

purpose or effect of this conspiracy was to restrain trade unreasonably. We conclude that it does not.

Standing alone, the alleged conspiracy of the defendants to terminate Bolton's exclusive right to sell advertising time on WPGH, and to install MMT in its place, does not state a claim under the federal antitrust laws.

"Where a manufacturer simply decides on his own to substitute one dealer for another, and cuts off the former dealer, his decision to sell exclusively to a new dealer does not amount to an antitrust 'conspiracy' with the latter, even though the manufacturer has agreed with the new dealer to transfer patronage to him and to terminate sales to [a] former dealer."

*Bowen v. New York News, Inc.*, 522 F.2d 1242, 1254 (2d Cir. 1975), *cert. denied*, 425 U.S. 936, 96 S.Ct. 1667, 48 L.Ed.2d 177 (1976) (citations omitted); *accord, United States v. Arnold, Schwinn & Co.*, 388 U.S. 365, 376, 87 S.Ct. 1856, 18 L.Ed.2d 1249 (1967), *overruled in part on other grounds, Continental T. V., Inc. v. GTE Sylvania, Inc.*, 433 U.S. 36, 97 S.Ct. 2549, 53 L.Ed.2d 568 (1977); *Fuchs Sugars & Syrups, Inc. v. Amstar Corp., supra*, at 1029–1030. To plead an antitrust claim adequately Bolton must allege that in substituting MMT for Bolton, Meredith and MMT attempted "to exact some collateral anti-competitive advantage." *Fuchs Sugars & Syrups, Inc. v. Amstar Corp., supra*, at 1030. The complaint here alleges simply that the purpose and effect of the defendants' actions were to decrease or eliminate competition "with respect to national sales representation of television stations owned by Meredith in various parts of the country." Complaint ¶ 23. It is quite obvious that during the term of any exclusive contracts between Meredith and MMT competition "with respect to national sales representation of television stations owned by Meredith" has indeed been eliminated. That is the nature of an exclusive agency. However, the elimination of competition within the narrow "market" for national sales representation of Meredith stations constitutes an anticompetitive effect only if national sales representation of Meredith stations differs significantly from national sales representation of television stations in general—that is, only if representation of Meredith stations constitutes a discrete market. Common experience suggests that representing one television station is not likely to be significantly different from representing another, and in these circumstances we believe that to plead adequately that the elimination of competition to represent Meredith stations amounted to a "collateral anticompetitive advantage," Bolton must allege facts which, if true, would establish that "national sales representation of television stations owned by Meredith" differs from national sales representation of other television stations in a manner which justifies treating representation of Meredith stations as a discrete market. Since the first count of Bolton's complaint contains no such allegations, it must be dismissed for failure to state a claim, but Bolton will be accorded an opportunity to file a new complaint containing such allegations.[1]

The second count of Bolton's complaint alleges that Meredith and MMT have violated section 3 of the Clayton Act, which provides:

"[That] [i]t shall be unlawful for any person engaged in commerce, in the course of such commerce, to lease or make a sale or contract for sale of . . .

---

1. In its brief in opposition to the defendants' motion, Bolton states that WPGH is the only commercial UHF station in Pittsburgh, and the only Pittsburgh station not affiliated with a national network, and asserts that the alleged conspiracy between Meredith and MMT decreased competition in the market for "the sale of national advertising time with respect to commercial UHF and commercial independent television broadcasting in the Pittsburgh metropolitan area." Brief at 12. Even if these allegations were properly pleaded, they would not save Bolton's first claim from dismissal, since they suffer from the same defect in "market definition" as the claim that is pleaded—that is, there are no reasons stated why "commercial UHF" or "commercial independent" television in Pittsburgh is the relevant market rather than simply television in Pittsburgh.

commodities . . . on the condition, agreement or understanding that the lessee or purchaser thereof shall not use or deal in the . . . commodities of a competitor or competitors of the lessor or seller, where the effect of such lease, sale, or contract for sale or such condition, agreement or understanding may be to substantially lessen competition or tend to create a monopoly in any line of commerce.

15 U.S.C. § 14. However, none of the factual allegations in the complaint suggests that either of the defendants has leased, sold, or contracted to sell anything on the condition that the lessee or purchaser refrain from dealing with a competitor of one of the defendants, and therefore the second count of the complaint fails to state a claim under section 3. The complaint states simply that Meredith has granted MMT the exclusive right to sell advertising time on Meredith's television stations. It does not allege, for instance, that Meredith required MMT to agree not to represent other television stations as a condition for that grant.

The third count of the complaint alleges that Meredith has violated section 7 of the Clayton Act, which forbids corporations from acquiring "the whole or any part of the stock or other share capital . . . of another corporation . . . where in any line of commerce in any section of the country, the effect of such acquisition may be substantially to lessen competition, or tend to create a monopoly." 15 U.S.C. § 18. Here the threshold issue is whether the complaint adequately alleges that competition has been lessened or something like a monopoly created "in any line of commerce."

▪ The complaint states that Meredith's activities have "had the effect of substantially lessening competition and [have] tended to create a monopoly with respect to national sales representation of Meredith television stations." Complaint ¶ 31. Thus, the relevant "line of commerce" identified in the complaint is "national sales representation of Meredith television stations." But as noted earlier, this is *prima facie* not a separate "line of commerce," as that term is used in the antitrust laws, since common experience suggests that "national sales representation of Meredith television stations" is not a discrete market. In the absence of allegations that national sales representation of television stations owned by Meredith is not equivalent to national sales representation of other stations, the third count lacks an essential element of a claim under section 7 of the Clayton Act, and therefore fails to state a claim. Accordingly, Bolton's third count must also be dismissed, but, as with the first count, Bolton will be given an opportunity to file a new complaint containing such allegations, if they can be made.

It must be noted, however, that the complaint in this action has the appearance of an attempt to marry meritorious claims under state law to claims under the federal antitrust laws in an effort to invest a federal court with pendent jurisdiction over the state law claims. Unless Bolton has good reason to believe that its repleaded antitrust claims are meritorious, it would be well advised to address its contract claims to the state courts.

The second count of the complaint is dismissed. The first and third counts are dismissed without prejudice to the filing of a new complaint curing the deficiencies noted above within twenty days of the filing of this memorandum. If no new complaint is filed within twenty days, the defendants are directed to submit to the court, on notice, a form of judgment dismissing this action in its entirety.

It is so ordered.